UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD M. JONES, | ) | Civ. 00-4112-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TODD V. SWANSON, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Richard M. Jones, filed an action for alienation of affections against defendant, Todd V. Swanson. Although judgment was entered in Jones's favor, litigation continues. Swanson moves to substitute Christenson Law Office, P.C., (hereinafter referred to as Christenson) as the real party in interest, or alternatively, to join Christenson as a party. Swanson also moves the court to vacate the judgment pursuant to Fed. R. Civ. P. 60(b). In response, Jones's bankruptcy estate[1] (hereinafter referred to as Jones's Estate) moves to dismiss the motion to vacate for lack of jurisdiction. Jones's Estate also moves to require Swanson to post a bond.

**BACKGROUND**

Following a jury trial, Swanson was found liable for alienating the affections of Jones's wife, Donna Jones (hereinafter referred to as Donna). The jury awarded Jones $450,000 in compensatory damages and $500,000 in

---

[1] Jones filed bankruptcy following the entry of judgment in this case.

punitive damages. The court entered a judgment based upon the jury award on February 19, 2002. (Docket 177).

Swanson appealed to the Eighth Circuit Court of Appeals. Jones v. Swanson, 341 F.3d 723 (8th Cir. 2003). The Eighth Circuit affirmed the finding of liability but concluded that neither the compensatory damage award nor the punitive damage award was supported by the evidence. The Eighth Circuit thus conditionally affirmed the judgment against Swanson subject to Jones's acceptance of a remittitur that reduced the compensatory damage award to $150,000 and the punitive damage award to $250,000. Id. at 737-38. Jones accepted the remittitur and a judgment was entered in his favor in the amount of $400,000 on November 21, 2003. (Docket 217).

In September of 2004, Jones assigned his interest in the judgment to Christenson, his attorney's law firm. (Docket 283). After the assignment, Jones filed for bankruptcy. After Swanson filed a motion asking the court to determine the validity of this assignment, Christenson assigned its interest in the judgment to Jones's Estate.

In October of 2004, Donna initiated contact with Swanson. During a telephone conversation held on October 14, 2004, Donna allegedly stated to Swanson that her testimony at trial was the result of being under substantial stress. (Docket 233-2). Swanson then met with Donna on October 26, 2004. During their conversation, which Swanson secretly recorded, Donna indicated

that her testimony at trial was inaccurate. Based on his conversations with Donna, Swanson seeks relief from the judgment against him.

## DISCUSSION

### I. Real Party in Interest

Swanson moves the court to substitute Christenson as the real party in interest in this case or for joinder of Christenson as a party. Swanson asks the court to determine the validity of Jones's purported assignment of the judgment to Christenson, and if the assignment was valid, to substitute Christenson as a party to alleviate the risk that Swanson will be liable to both Jones and Christenson. The court denies this motion as moot because Christenson assigned the judgment to Jones's Estate in February of 2006. (Docket 301, at 7). As a result, even if Jones's assignment to Christenson was valid, Christenson no longer has an interest in the judgment.

### II. Motion to Vacate Judgment

Swanson moves to vacate the judgment under Fed. R. Civ. P. 60(b), which states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has

> been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

Swanson contends that Donna's perjury at trial warrants relief under either Rule 60(b)(2) for newly discovered evidence or Rule 60(b)(6) for other reasons justifying relief. Jones's Estate argues that the motion is untimely, and thus, the court lacks jurisdiction to entertain it.[2]

Rule 60(b) motions are subject to strict time constraints. All Rule 60(b) motions must be filed within a reasonable amount of time after entry of judgment by the district court. See Fed. R. Civ. P. 60(b). If the motion seeks relief under Rule 60(b)(1), (2), or (3), then one year is the outside limit of a reasonable amount of time. See id.; see also Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460 (8th Cir. 2000). The district court lacks jurisdiction to entertain an untimely Rule 60(b) motion. See Nucor Corp. v. Neb. Pub. Power Dist., 999 F.2d 372, 373 (8th Cir. 1993).

Jones argues that Swanson's motion, which was filed on November 19, 2004, is untimely. Before the court can determine if the motion was timely, however, the court must ascertain the commencement date for the Rule 60(b) limitations period. Jones argues that the clock started running on

---

[2] Even if Jones's Estate did not raise this issue, the court could sua sponte dismiss the motion for lack of subject matter jurisdiction. See Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001) ("[J]urisdiction will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue.").

February 29, 2002, when this court entered judgment after the jury trial. In response, Swanson contends that the limitations period started anew on November 21, 2003, when the judgment was entered after Jones accepted the Eighth Circuit's remittitur and conditional affirmance.[3]

As a general rule, the district court's initial entry of judgment starts the limitations period for a motion to vacate that judgment. See The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1088 (10th Cir. 2005); see also 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2866, at 390 (1994). The clock is not tolled during the pendency of an appeal of the judgment because Rule 60(b) "motions 'can be made even though an appeal has been taken and is pending.' " Fed. Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764, 766 (8th Cir. 1989) (quoting Transit Cas. Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir. 1971)). If the appellate court substantially alters the judgment, however, then the limitations period starts anew upon the filing of new judgment after the appeal. See The Tool Box, Inc., 419 F.3d at 1089; Berwick Grain Co. v. Ill. Dep't of Agric., 189 F.3d 556, 559 (7th Cir. 1999); Simon v. Navon, 116 F.3d 1, 3 (1st Cir. 1997); Transit

---

[3] Swanson contends that the court previously found that the motion was timely, and thus, the court can only reconsider this finding if the previous finding was clearly erroneous. The court disagrees. The court has an ongoing obligation to ensure that it has jurisdiction to act, see Sadler v. Green Tree Servicing, LLC, 466 F.3d 623, 625 (8th Cir. 2006), and unless the Rule 60(b) motion is timely, the court lacks jurisdiction to entertain it.

Cas. Co., 441 F.2d at 791.  The appellate court substantially alters the judgment when it " 'has disturbed or revised legal rights and obligations which, by [the] prior judgment, had been plainly and properly settled with finality.' "  Simon, 116 F.3d at 3 (quoting FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 212, 73 S. Ct. 245, 249, 97 L. Ed. 2d 245 (1952)); see also Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc., 466 F.3d 97, 101 (2d Cir. 2006) (Martha Graham II).

   Swanson and Jones's Estate dispute whether the Eighth Circuit's conditional affirmance and remittitur substantially altered this court's judgment, thereby restarting the limitations period.  Deciding this issue requires careful attention to the substance of both the Eighth Circuit's decision and Swanson's motion.  The Eighth Circuit explicitly affirmed the jury's conclusion that Swanson committed the tort of alienation of affections.  Jones, 341 F.3d at 734.  The Eighth Circuit did, however, reduce the amount of the awards for compensatory and punitive damages because the awards were not supported by substantial evidence.  Id. at 736-38.  Swanson's Rule 60(b) motion does not contest the damages award.  Instead, Swanson contends that the court should vacate the finding of liability because Donna testified falsely at trial about her feelings for Jones, her husband.  The issue is thus whether an appellate decision that affirms a finding of liability but

reverses a damages award restarts the limitations period for a motion to vacate the judgment on the issue of liability.

On this issue, the Court of Appeals for the Second Circuit's recent decision in <u>Martha Graham II</u>, 466 F.3d 97 (2d Cir. 2006), provides guidance. In <u>Martha Graham</u>, the parties were litigating who owned the copyright governing several works of modern dance. Following a trial, the district court concluded that the defendant owned the copyright to 45 dances and the plaintiff owned the copyright to one dance. Plaintiff appealed, and the Second Circuit "largely affirmed the district court's opinion, but reversed and remanded on three specific issues." <u>Id.</u> at 100. On remand, the district court was instructed to determine the ownership of seven dances and then recalculate damages. <u>See</u> <u>Martha Graham Sch. & Dance Found, Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.</u>, 380 F.3d 624, 646-47 (2d Cir. 2004) (<u>Martha Graham I</u>).

Before the new trial began, plaintiff moved to vacate the judgment based upon "newly discovered evidence." <u>Martha Graham II</u>, 466 F.3d at 100. The district court denied the motion to vacate the judgment because, among other reasons, the new evidence proffered "did not specifically relate to the seven dances." <u>Id.</u> Plaintiff appealed and the Second Circuit affirmed because the motion was untimely. The Second Circuit rejected plaintiff's contention that the partial reversal of the district court in the prior appeal restarted the

7

limitations period.  Although the court acknowledged that a substantive change in the district court's judgment would restart the limitations period, the court held that the limitations period was not restarted for plaintiff's Rule 60(b) motion because plaintiff sought a new trial on issues that were affirmed by the Second Circuit, namely ownership of the other dances.  See id. at 101.  "Because we affirmed, our ruling made no substantive change in [the parties'] legal position from that established by the judgment of the district court."  Id.  The Second Circuit reasoned that the limitations period started anew for challenging an issue whenever an appellate court changes the district court's decision on that issue because, prior to the appellate decision, the moving party may lack an incentive or a legal basis for contesting the judgment on that issue.  Conversely, when the appellate court affirms the district court's decision on an issue, the moving party has no excuse for failing to contest the judgment on that issue earlier.

     Like the plaintiff in Martha Graham II, Swanson seeks a new trial on an issue that was explicitly affirmed on appeal, namely whether he committed the tort of alienation of affections.  Because the Eighth Circuit affirmed the jury's decision and this court's judgment on that issue, the decision did not alter Swanson's and Jones's legal position and Swanson had every incentive to move for a new trial earlier.  The court thus concludes that the Eighth

8

Circuit's decision reducing the damage award did not restart the limitations period for a motion contesting the issue of liability.

This conclusion is further supported by Signtech USA, Ltd. v. Vutek, Inc., No. CIVASA-95-CA-0226NN, 1999 WL 33290625, at *2 (W.D. Tex. Aug. 9, 1999). In Signtech USA, Ltd., the district court entered judgment in favor of defendant after a trial on a patent infringement case. The district court awarded defendant $140,000 in basic damages on defendant's counterclaim. See Signtech USA, Ltd. v. Vutek, Inc., 174 F.3d 1352, 1354 (Fed. Cir. 1999). The district court then trebled the damages for an enhanced award of $420,000, which is the maximum recovery permitted by statute. The district court's judgment, however, erroneously "added the $420,000 enhanced damages to the stipulated $140,000 basic damage award." Id. On appeal, the Court of Appeals for the Federal Circuit reversed the monetary judgment award and clarified that the $140,000 basic damage award was a component of the $420,000 enhanced damage award, and thus, the total damages should only be $420,000. See id. at 1359.

Following remand from the Federal Circuit, plaintiff moved to vacate the judgment. Specifically, plaintiff contended that defendant committed perjury while testifying about key liability issues. See Signtech USA, Ltd., 1999 WL 33290625, at *2. The district court denied the motion as untimely. In doing so, the court expressly rejected plaintiff's contention that the Federal Circuit's

9

reversal of the district court's judgment restarted the limitations period applicable to plaintiff's motion. See id. at 2.

Signtech USA, Ltd. is factually similar to this case. In both instances, one party prevailed at trial and the losing party appealed. The appellate court in both cases affirmed the trial court's liability determination but reversed the damage award. Then, following remand, the party losing at trial filed a motion to vacate the judgment on the issue of liability and argued that the appellate decision restarted the limitations period. Like the court in Signtech USA, Ltd., the court here disagrees and finds that the Eighth Circuit's remittitur and conditional affirmance did not restart the limitations period for a motion contesting liability. Thus, the clock began running on Swanson's Rule 60(b) motion on February 19, 2002, when the court entered its original judgment.

Using February 19, 2002, as a start date, Swanson's motion is untimely. If governed by Rule 60(b)(2), the motion is subject to a one-year limitation period. See Fed. R. Civ. P. 60(b). As a result, Swanson's deadline for filing his motion was February 19, 2003. Swanson did not file his motion until November 19, 2004, over a year-and-one-half after the deadline.

In the alternative, if governed by Rule 60(b)(6), Swanson's motion is still untimely. A motion seeking relief under Rule 60(b)(2) need only be brought "within a reasonable amount of time." Fed. R. Civ. P. 60(b); see also Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004). "What constitutes

a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion." Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999). The district court lacks jurisdiction to entertain a Rule 60(b)(6) motion that was not filed within a reasonable amount of time. See Nucor Corp., 999 F.2d at 376.

The Eighth Circuit has limited the amount of time that is considered reasonable when a Rule 60(b)(6) motion is based upon fraud or perjury of a third-party witness. See Lester v. Empire Fire & Marine Ins. Co., 653 F.2d 353, 354 (8th Cir. 1981). In Lester, the plaintiff moved pursuant to Rule 60(b)(6) to set aside a judgment in favor of the defendant because defendant's expert "falsely and fraudulently stated his qualifications . . . ." Id. The district court denied the motion as untimely and held that the seventeen months between the entry of judgment and the filing of the motion was unreasonable. The plaintiff appealed and the Eighth Circuit affirmed. The Eighth Circuit suggested that anything more than one year is an unreasonable amount of time for filing a Rule 60(b)(6) motion based upon perjury or fraud of a third-party witness. The Eighth Circuit agreed that "it would be unreasonable, absent special circumstances, to permit reopening of a judgment on grounds of third-party fraud when a similar motion based upon fraud by a party would be barred by Rule 60(b)(3)." See id. (internal quotation omitted). See also Armour & Co. v. Nard, 56 F.R.D. 610, 612 (N.D.

11

Iowa 1972) (stating that "absent other considerations" it would be unreasonable to allow the filing of a Rule 60(b)(6) motion based upon perjury of a third-party witness more than one year after entry of judgment).

Like the plaintiff in Lester, Swanson seeks to vacate the judgment because Donna, a third-party witness, committed perjury. Swanson did not file his motion, however, until nearly 32 months after the entry of the judgment in this case. Swanson's motion thus would be untimely if Jones, rather than Donna, committed perjury. And like the court in Lester, the court here finds no reason to treat Donna's testimony differently than Jones's testimony. The court thus finds that Swanson's motion was not filed in a reasonable amount of time. See also Middleton, 388 F.3d at 614 (holding three-year delay without mitigating circumstances was unreasonable).

Swanson attempts to distinguish Lester by contending that special circumstances exist in this case. First, Swanson argues that the unique relationship between Donna's testimony and the tort of alienation of affections presents special circumstances. Specifically, Swanson argues that Donna's feelings for her husband, Jones, are a subjective issue that can only be proved through her testimony, and thus, her perjury goes directly to the issues in this case. The court disagrees that this presents a special circumstance. Although Donna's testimony was central to plaintiff's case, the court finds that the allegedly perjured testimony will be crucial in many, if not most,

cases where a motion to vacate is sought based upon perjured testimony. The importance of Donna's testimony is no reason to treat her testimony differently than the alleged perjured testimony by a party, which although often crucial is still subject to Rule 60(b)(3)'s one-year time limitation. Cf. United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 935 (8th Cir. 2006) (stating that Rule 30(b)(6) relief is only warranted if the opposing party's misrepresentation "prevented the movant from fully and fairly presenting its case").

Second, Swanson argues that special circumstances exist because Jones no longer wants to pursue this action. The court finds that this has nothing to do with the reason for Swanson's 32-month delay after the entry of judgment to file the motion to vacate, or whether this delay was reasonable.[4] The court thus concludes that this does not constitute a special circumstance making the 32-month delay attributable to Swanson's motion reasonable.

If governed by Rule 60(b)(6), the motion is untimely because Swanson did not file the motion within a reasonable amount of time. If governed by Rule 60(b)(3), the motion is also untimely because it was filed more than one year after entry of judgment. Because Swanson's Rule 60(b) motion is untimely, the court lacks jurisdiction to entertain it.

---

[4] The court assumes, without deciding, that the judgment is an asset of Jones's Estate. Jones's creditors deserve to have this judgment pursued, and this case is not moot by Jones's decision to abandon the judgment.

**III.   Bond**

Jones's Estate moves for an order requiring Swanson to post a bond equivalent to the $400,000 judgment.  Jones's Estate contends that Swanson should be required to post the bond as a condition precedent to this court's consideration of Swanson's motion to vacate judgment.  Swanson opposes the motion and argues that the court lacks power to order a bond as a condition precedent to a party's mere filing of a motion to vacate a judgment.

The court agrees that it lacks power to order Swanson to file a bond.  Neither the party's briefs nor the court's research reveals a case where the court ordered the party to file a bond before the court would even consider a motion to vacate judgment.  Courts can, in some instances, condition relief granted to a party upon that party's willingness to post a bond.  For instance, courts can require the posting of a bond as a condition precedent to the court's granting of a motion to vacate a judgment.  See Fed. R. Civ. P. 60(b).  Courts also can require a bond as a condition precedent to granting relief in the form of a stayed execution of a judgment.  See Fed. R. Civ. P. 62(b); see also Goss Inter'l Corp. v. Tokyo Kikai Seisakusho, Ltd., 435 F. Supp. 2d 932, 933 (N.D. Iowa 2006).  Here, however, the court is not granting Swanson any relief, and thus, the court cannot condition that relief upon posting of a bond.  Instead, Jones's Estate wants the court to impose a condition upon the

14

court's obligation to rule on motions filed by parties in a case before it.  There is no authority for this power.

Based on the foregoing, it is hereby

ORDERED that Swanson's motion (Docket 220) for relief from judgment pursuant to Fed. R. Civ. P. 60(b) is denied.

IT IS FURTHER ORDERED that Swanson's motion (Docket 257) to substitute real party in interest or, alternatively, motion for joinder of real party in interest is denied as moot.

IT IS FURTHER ORDERED that Jones's Estate's motion (Docket 296) to require bond is denied.

IT IS FURTHER ORDERED that Jones's Estate's motion (Docket 299) to dismiss defendant's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) for lack of jurisdiction is granted.

Dated March 6, 2007.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

15